HEARNE v. HEISE et al. (No. 6039.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

TRUSTS (§ 303*)—TRUSTEES—ACCOUNTING—JURISDICTION.

Complainant, as surviving trustee of testator's residuary estate, alleged that at the expiration of the trust all the beneficiaries met and approved plaintiff's accounts, and received their distributive shares, except defendant H., who had previously assigned her interest in the estate to the amount of $125,000, subject to a prior assignment of a portion thereof, to defendant W., which when received he was to hold, $35,000 in trust for the use of H. for life, and $30,000 for each of her three children for life, that W. was present at the settlement and claimed payment, out of the distributive share of H., of certain commissions which w're subsequently compromised and paid, and W. in consideration of th settlement agreed to resign as trustee, when it was agreed that plaintif should temporarily retain the fund payable to H. and pay the income rived therefrom to her, and that, after proceedings had been had per tting W. to resign, plaintiff should be appointed permanent trustee, et , that plaintiff accepted the distributive share of H. as her temporary trustee, and holds the same; but that since the settlement W. has made a further claim against the fund and refused to resign and demanded that the fund be turned over to him. W. answered admitting making the agreement, but alleged that it was subject to a condition that he be paid for services which payment he had not received, while H. answered alleging that certain assignments of portions of her interest were made prior to the execution of the agreement in controversy, and prayed a decree that such portions did not pass to or become a part of the trust created by the agreement; while an infant defendant born after the execution of the agreement prayed for a reformation thereof to the end that she might be included. *Held*, that plaintiff was entitled to an accounting and to be discharged, and that the pleadings raised issues which could not be tried by a surrogate, but could only be disposed of after a trial in the Supreme Court, and hence it was error to grant a motion for judgment on the pleadings.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 420; Dec. Dig. § 303.*]

Appeal from Special Term, New York County.

Action by William H. Hearne, individually and as trustee under the will of Edwin R. Hearne, deceased, against Annie T. H. Heise and others and Frank M. Wells. From an order granting a motion of defendant Wells for judgment on the pleadings, complainant Hearne and defendants Heise and others prosecute four separate appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Russell Osborn, of New York City, for appellant Hearne.

J. Hampden Dougherty, of New York City, for appellants Frances A. H. Heise, Rudolph J. Heise, Jr., and Annie K. Heise.

Mervyn Mackenzie, of New York City, for appellant Edwina R. Heise.

Eugene Frayer, of New York City, for respondent.

McLAUGHLIN, J.   After issue was joined in this action, the defendant Wells moved for judgment upon the pleadings. The motion was granted, and four separate appeals are taken from the order: By the plaintiff; Annie T. H. Heise; and two guardians ad litem.

The complaint alleges that Edwin R. Hearne, deceased, by his will, devised and bequeathed to the plaintiff and Frank J. Hearne, as trustees, his residuary estate to hold for a period of ten years for the use and benefit of his four daughters, one of whom is the defendant Annie T. H. Heise, and at the expiration of that time to pay over such residuary estate to said daughters, all of whom are of full age and now living; that in 1909, the trust then having expired, all the beneficiaries met at Wheeling, W. Va., and approved the accounts of the plaintiff as surviving trustee—Frank J. Hearne having died in 1907—and received their distributive parts or shares of the said estate, and duly released and discharged the plaintiff as trustee thereof; that the defendant Annie T. H. Heise, on the 18th of November, 1905, assigned her interest in the estate to the amount of $125,000, subject to a prior assignment of a portion thereof, to the defendant Wells, which, when received, he was to hold, $35,000 in trust for her use and benefit during her natural life, and $30,000 for each of her three children during their respective lives; that Wells was present at the settlement of the estate at Wheeling and claimed payment out of the distributive share of Annie T. H. Heise of certain commissions which the plaintiff, at her request, compromised and subsequently paid; that Wells, in consideration of such settlement and compromise, agreed to resign as trustee under the agreement of November 18, 1905, and, if the plaintiff should so desire, he would take such steps as might be necessary in a court of competent jurisdiction to become discharged as said trustee; that it was further agreed between Wells, Annie T. H. Heise, and the plaintiff, that the latter should temporarily retain the fund set apart for her in trust and pay the income derived therefrom to her; and that the plaintiff, after proceedings were had permitting Wells to resign, should be appointed permanent trustee of the fund, or have the right to nominate a trustee with the consent of Annie T. H. Heise.

The complaint further alleges that the plaintiff accepted the distributive part or share of Annie T. H. Heise, as her temporary trustee, and now holds the same as such; that since his appointment as such trustee he has applied the income of the trust fund to her use and benefit and that of her children; that, since the settlement of the estate of Edwin R. Hearne and the compromise above mentioned, Wells has made claim for sums amounting in the aggregate to about $6,000, as an indebtedness of Annie T. H. Heise, has refused to resign, and demanded that the trust fund be turned over to him; that the defendant Annie T. H. Heise has demanded that plaintiff either retain said fund

as her temporary trustee, or else deliver the same to her; that her interest and Wells' are antagonistic, and it would be imprudent for plaintiff to comply with Wells' demand that the trust fund be turned over to him; and that the other defendants named are the children of Annie T. H. Heise, and they claim an interest in such fund by reason of the agreement of November 18, 1905.

The judgment demanded is that plaintiff's accounts be settled; that Wells be directed to specifically perform his agreement to resign; that the amount found due on the accounting be turned over to a trust company nominated by the plaintiff with the consent of Annie T. H. Heise; and that plaintiff be discharged as trustee for her.

The answer of the defendant Wells admits the making of the agreement of November 18, 1905; that he received certain sums of money for receiving and paying out income as trustee under that agreement; and denies the other material allegations of the complaint. It then alleges, among other things, as a defense, that the agreement referred to in the complaint, by which he was to resign as trustee, was made upon the representation that he would be paid the full amount due him for his professional services and advances made to or on behalf of the defendant Annie T. H. Heise for the support of herself and her children; that such payment has not been made; that the plaintiff has no authority from Annie T. H. Heise to accept the trust fund or to act as her trustee in case respondent resigns; and asks that the complaint be dismissed.

The defendant Annie T. H. Heise, by her answer, admits all the allegations of the complaint; alleges that certain assignments of portions of her interest in her father's estate were made prior to the execution of the agreement of November 18, 1905; and asks that it be decreed such portions did not pass to or become part of the trust created by that agreement.

The infant defendant Edwina R. Heise, who was born after the execution of the agreement of November 18, 1905, asks for a reformation of that instrument, to the end that she may be included therein.

The other infant defendants interposed the usual guardian's answer.

The order directing judgment on the pleadings was evidently granted upon the theory that the complaint does not state a cause of action. The foregoing statement as to its allegations clearly shows that it does and that there are issues raised by the answers, or some of them, which could not be disposed of in the Surrogate's Court, but only in the Supreme Court after a trial. It is unnecessary to determine on the appeal whether or not the agreement of Wells to resign can be specifically enforced; all that is necessary now to determine is that under the issues the plaintiff is entitled to account and be discharged. Whether he should be directed to pay the amount found due on the accounting to Wells, or to another trustee to be appointed, is a question to be determined at the conclusion of a trial, by the trial court.

The order appealed from, therefore, is reversed, with $10 costs and disbursements to each appellant, and the motion denied, with $10 costs. All concur.